IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**LISA M. HALES**                                                                                         **PLAINTIFF**

**V.**                                                          **CIVIL ACTION NO. 1:22-cv-229-HSO-LGI**

**KILOLO KIJAKAZI, ACTING
COMMISSIONER OF SOCIAL SECURITY**                                            **DEFENDANT**

### REPORT AND RECOMMENDATION
### OF UNITED STATES MAGISTRATE JUDGE

Lisa Hales appeals the final decision denying her applications for a period of disability, Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI). The Commissioner requests an order pursuant to 42 U.S.C. § 405(g), affirming the final decision of the Administrative Law Judge ("ALJ"). Having carefully analyzed the hearing transcript, the medical records in evidence, and all the applicable law, the undersigned recommends that this matter be affirmed.

Plaintiff filed disability applications alleging an onset date of May 1, 2018. She was 53 years old on her alleged onset date, with an eighth-grade education and past relevant work experience as a salesclerk/cashier and sitter/companion. Following agency denials of her applications, an ALJ issued a decision finding that Plaintiff had not established a disability within the meaning of the Social Security Act. The Appeals Council remanded to the ALJ for further resolution and development of the record. Upon further consideration on remand, the ALJ issued a second unfavorable decision. The Appeals Council denied Plaintiff's request for review, and she now appeals that decision.

The remaining evidence is detailed in the ALJ's decision and will not be repeated in depth here, as Plaintiff assigns only a step-five error.

At step one of the five-step sequential evaluation,[1] the ALJ found that Plaintiff had not engaged in substantial gainful activity since her alleged onset date. At steps two and three, the ALJ found that although Plaintiff's scoliosis, obesity, degenerative joint disease, adjustment disorder, and anxiety were severe, they did not meet or medically equal any listing. At step four, the ALJ found that Plaintiff had the residual functional capacity to perform a range of medium work except:

> She can frequently stoop. She can occasionally kneel, crouch, and crawl. She should never climb ladders. She should never have exposure to unprotected heights or dangerous machinery. She can understand and remember simple, routine tasks and sustain those tasks for 2 hours at a time throughout an 8-hour workday. She can tolerate occasional interaction with the public.

Based on vocational expert testimony, the ALJ concluded that given Plaintiff's age, education, work experience, and residual functional capacity, she can perform work as a packager and linen room attendant.

## Standard of Review

Judicial review in social security appeals is limited to two basic inquiries: (1) whether there is substantial evidence in the record to support the ALJ's decision; and (2)

---

[1] Under C.F.R. § 404.1520, the steps of the sequential evaluation are: (1) Is plaintiff engaged in substantial gainful activity? (2) Does plaintiff have a severe impairment? (3) Does plaintiff's impairment(s) (or combination thereof) meet or equal an impairment listed in 20 C.F.R. Part 404, Sub-part P, Appendix 1? (4) Can plaintiff return to prior relevant work? (5) Is there any work in the national economy that plaintiff can perform? *See also McQueen v. Apfel*, 168 F.3d 152, 154 (5th Cir. 1999).

whether the decision comports with relevant legal standards. *Webster v. Kijakazi*, 19 F.4th 715, 718 (5th Cir. 2021); *Salmond v. Berryhill*, 892 F.3d 812, 816 (5th Cir. 2018). The United States Supreme Court has made clear:

> The phrase "substantial evidence" is a term of art used throughout administrative law to describe how courts are to review agency factfinding. Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains sufficient evidence to support the agency's factual determinations. And whatever the meaning of substantial in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence, this Court has said, is more than a mere scintilla. It means—and means only—such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.

*Biestek v. Berryhill*, 203 L. Ed. 2d 504, 139 S. Ct. 1148, 1154 (2019) (citations and internal quotations and brackets omitted); *see also Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995); *Anthony v. Sullivan*, 954 F.2d 289, 295 (5th Cir. 1992). On judicial review, this Court may not re-weigh the evidence, try the case de novo*,* or substitute its judgment for that of the ALJ, even if it finds evidence that preponderates against the ALJ's decision. *Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1994).

## Discussion

Plaintiff's sole assignment of error on appeal charges that she was prejudiced by the ALJ's reliance on the vocational expert's testimony at step five of the sequential evaluation. The Commissioner counters that the proper standards were applied, and substantial evidence supports the ALJ's decision. Given the record and controlling precedent, the Court finds the ALJ's decision should be affirmed.

At the fifth step of the sequential evaluation, the Commissioner may take administrative notice of reliable job information available from the DOT. U.S. Dep't of

Labor, *Dictionary of Occupational Titles*, App. C III (4th ed. 1991), 1991 WL 688702; 20 C.F.R. § 404.1566(d).  That said, the ALJ is not bound by DOT classifications.  The Fifth Circuit has long "recognized that the DOT is not comprehensive, in that it cannot and does not purport to include each and every specific skill or qualification for a particular job."  *Carey v. Apfel*, 230 F.3d 131, 145 (5th Cir. 2000) (internal citations omitted).  Unlike the DOT, which gives only general descriptions of job duties, a "vocational expert is able to compare all the unique requirements of a specified job with the particular ailments a claimant suffers in order to reach a reasoned conclusion as to whether the claimant can perform the specific job."  *Fields v. Bowen*, 805 F.2d 1168, 1170–71 (5th Cir. 1986), holding modified by *Carey v. Apfel*, 230 F.3d 131 (5th Cir. 2000).  In *Carey*, the Fifth Circuit explained that:

> [W]e agree with the majority of circuits that the ALJ may rely upon the vocational expert's testimony provided that the record reflects an adequate basis for doing so. . . [A]ll kinds of implicit conflicts are possible and the categorical requirements listed in the DOT do not and cannot satisfactorily answer every such situation. . . . Adopting a middle ground approach, in which neither the DOT nor the vocational expert testimony is per se controlling, permits a more straightforward approach to the pertinent issue, which is whether there is substantial evidence supporting the Commissioner's determination that this particular person can do this particular job or group of jobs.

230 F.3d at 146-47.  Thus, even if the vocational expert testimony differs from the DOT, the testimony may constitute substantial evidence on which the ALJ can rely to satisfy the Commissioner's burden at the fifth step of the sequential evaluation.  *Id.*

In this case, Plaintiff argues the vocational expert's testimony cannot satisfy the Commissioner's burden at step five.  She asserts that, because her residual functional

4

capacity as determined by the ALJ precludes her from exposure to dangerous machinery, she cannot perform the packager job. She likewise contends that because the ALJ's residual functional capacity finding limits her to simple routine tasks, she cannot perform the linen attendant job because it requires Level 3 Reasoning. But as explained, Plaintiff's exclusive reliance on the DOT is misplaced. The DOT merely outlines the "maximum requirements of occupations as generally performed, not the range of requirements of a particular job as it is performed in specific settings." SSR 00-4p, 2000 WL 1898704, at *2-3. The ALJ can rely on vocational expert evidence so long as he complies with SSR 00-4p.

SSR 00-4p places an affirmative duty on ALJs to identify and obtain explanations for possible conflicts between the vocational expert testimony and the DOT at the administrative hearing, and to explain how any identified conflicts were resolved in their written decision. *See Graves v. Colvin*, 837 F.3d 589, 592 (5th Cir. 2016) (holding under SSR 00-4P that an ALJ must inquire into "any possible conflict" between the VE conclusions and DOT). In this regard, the record reflects two important points: (1) The ALJ asked the vocational expert whether her testimony was consistent with the DOT at the administrative hearing; and, (2) the vocational expert responded affirmatively. The record also reflects that the vocational expert noted that while there was no conflict, "there were some facts that the DOT and SCO[2] are either silent [on] or do not go into elaborate detail." She thus explained that her opinion that Plaintiff could perform the

---

[2] *Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles*, U.S. Dep't of Labor (1991).

identified jobs was based on her "vocational experience, education, and training [as an] actively practicing vocational rehab counselor . . . ." Plaintiff does not dispute the vocational expert's qualifications or the reliability of her experience.

Plaintiff alleges, though, that she was prejudiced by the ALJ's reliance on the vocational expert's testimony that she could perform work as a packager or linen attendant because their DOT descriptions conflict with the limits of her residual functional capacity. Plaintiff notes, for instance, that the DOT description for the packager job indicates, in part, that she might need to "start, stop, and regulate the speed" of a conveyor. As Plaintiff sees it, conveyor operation creates an apparent conflict with the ALJ's residual functional capacity finding that she should never be exposed to dangerous machinery.

First, the undersigned notes that conveyor operation is but one of multiple duties across multiple industries outlined in the packager job description that an individual might perform. Other duties include manually packaging products, cleaning containers, lining crates, assembling cartons, and labeling products, among other things; and, a person in this line of work might work as a bagger, bow maker, gift wrapper, box maker, candy packer, or meat packer. DOT No. 920.587-018. Plaintiff does not contend that any of these other duties conflict with her residual functional capacity, or that any of these industries involve the use of dangerous machinery per se. In fact, Plaintiff cites no authority for her contention that a conveyor is dangerous machinery. Nothing in the DOT description of the packager job describes it as such and no specialized training or use of protective equipment is mentioned or otherwise indicated. *Garcia v. Apfel*, 220

6

F.3d 585 (5th Cir. 2000) (unpublished table decision) (ALJ entitled to rely on vocational expert opinion that a claimant restricted from working with hazardous machinery could perform work around a moving conveyor belt); *Morris v. Kijakazi*, No. 1:21-CV-84-JMV, 2022 WL 1277282, at *3 (N.D. Miss. Apr. 28, 2022) (nothing in the DOT job description suggested moving machine "dangerous" or protective equipment needed). Without any evidence that the packager job involves dangerous machinery, Plaintiff's argument lacks merit.

Plaintiff also contends that the ALJ erred in relying on the vocational expert's testimony that she could perform the linen attendant job because its reasoning exceeds her residual functional capacity limitation to simple work. DOT No. 222.387-030. But this argument need not be addressed. Even excluding that job, the role of packager still accounts for 66,000 jobs in the national economy. As other courts have recognized, those numbers easily sustain the Commissioner's burden at step five of the sequential analysis. *See, e.g.*, *Zimmerman v. Astrue*, 288 F. App'x 931, 938 (5th Cir. 2008); *Lirley v. Barnhart*, 124 F. App'x 283, 284 (5th Cir. 2005) (vocational expert's testimony that plaintiff could perform the job of surveillance system monitor, of which there were 50,000 such jobs in the national economy, was sufficient to satisfy Commissioner's step five burden). *See also Dominguez v. Astrue*, 286 F. App'x 182, 188 (5th Cir. 2008); *Monroe v. Shalala*, 55 F.3d 633 (5th Cir. 1995)(table); *Heck v. Colvin*, No. 15-CV-3483, 2016 WL 4004577 at *19 (E.D. La. Apr. 6, 2016), *adopted*, 2016 WL 3971007 (E.D. La. Jul. 25, 2016), *aff'd*, 674 F. App'x. 411 (5th Cir. 2017); *Taylor v. Colvin*, No. 14-CV-0573, 2015 WL 3603957 at *4 (E.D. La. Jun. 5, 2015).

## Conclusion

In sum, based on the evidentiary record, the ALJ determined that Plaintiff had the residual functional capacity to perform jobs in significant numbers in the national economy. The undersigned's review of the record compels a recommendation that the ALJ applied the correct legal standards, and that substantial evidence supports the ALJ's decision.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Rule 72(a)(3) of the Local Uniform Civil Rules of the United States District Courts for the Southern District of Mississippi, any party may serve and file written objections within 14 days after being served with a copy of this Report and Recommendation.  Within 7 days of the service of the objection, the opposing party must either serve and file a response or notify the District Judge that he or she does not intend to respond to the objection.

The parties are hereby notified that failure to file timely written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation, shall bar that party from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, except upon grounds of plain error.  28 U.S.C. § 636, Fed. R. Civ. P. 72(b) (as amended, effective December 1, 2009); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).

SO ORDERED on July 31, 2023.

<u>s/ LaKeysha Greer Isaac</u>
UNITED STATES MAGISTRATE JUDGE

Case 1:22-cv-00229-HSO-LGI   Document 15   Filed 07/31/23   Page 9 of 9